DAVID J. COOK, ESQ. (State Bar # 060859)
ROBERT J. PERKISS, ESQ (State Bar # 62386)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street, San Francisco, CA 94102-5106
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel.: (415) 989-4730
Fax: (415) 989-0491
Email: Cook@SqueezeBloodFromTurnip.com
File No. 56,864

Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT SMITH d.b.a. ENTREPRENEUR,<br><br>Defendant. | CASE NO. 3:12-mc-80236-WHA<br><br>NOTICE OF FILING:<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED COSTS |

COMES NOW Plaintiff ENTREPRENEUR MEDIA, INC., a California corporation, ("EMI") who hereby files the above-entitled document, filed in the United States District Court, Central District of California, Case No. 98-3607 FMC (Ctx) on 1/24/12 (Document 250) which is attached hereto.

DATED: April 30, 2015           COOK COLLECTION ATTORNEYS

                                By: ___/s/ David J. Cook_____
                                DAVID J. COOK, ESQ. (SBN 060859)
                                Attorneys for Plaintiff
                                ENTREPRENEUR MEDIA, INC.

F:\USERS\DJCNEW\SCOTT SMITH.ND NOTICE OF FILING ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC., | CV 98-3607 FMC (CTx) |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED COSTS** |
| SCOTT SMITH, dba ENTREPRENEURPR, | |
| Defendant(s). | |

## I. Introduction

This matter is before the Court on Plaintiff Entrepreneur Media, Inc.'s Motion for an Order Setting Attorneys' Fees (docket no. 243). The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date set for August 18, 2003, is hereby removed from the Court's calendar. For the reasons set forth below, the Court hereby grants Plaintiff's motion.

## II. Background

Entrepreneur Media, Inc. ("Entrepreneur") filed a Complaint against Defendant Scott Smith dba ENTREPRENEURPR in May 1998 through its previous counsel, Henry Bissell. Approximately one year later, Entrepreneur filed its First Amended Complaint and then, in May 1999, Latham & Watkins ("L&W") was substituted as Entrepreneur's counsel. From May 1999 to the present time, Entrepreneur's outside counsel on this case was L&W.

Following trial, this Court made "Findings of Fact and Conclusions of Law," and found that Smith had intentionally infringed upon Entrepreneur's trademark, making this an "exceptional case" justifying an award of attorneys' fees. (*See* Findings of Fact and Conclusions of Law entered June 24, 2003.) Pursuant to the Court's findings, Entrepreneur filed the instant Motion for an Order Setting Attorneys' Fees. No opposition brief has been filed.

## III. Standard

In *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993), the Ninth Circuit set forth the steps a district court should follow in determining the amount of a fee award under the Lanham Act:

> When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Next, in appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar

calculation.[1]

Gracie v. Gracie, 217 F.3d 1060, 1069-70 (9th Cir. 2000) (citing Intel Corp., 6 F.3d at 622).

## IV. Discussion

Plaintiff's request for attorneys' fees is reasonable based on the Court's consideration of the applicable *Kerr* factors: the time and labor required; the requisite skill required to perform the legal services properly; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; and attorney's fee awards in similar cases. The Supreme Court has noted that "the most critical factor" for determining the reasonableness of a fee award "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436,

---

[1] In *Kerr*, the Ninth Circuit enumerated twelve factors for possible adjustment of the lodestar figure. *See Kerr*, 526 F.2d at 69-70. Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566 (1992), the Supreme Court noted that a district court should give primary consideration to the degree of success achieved when determining attorneys' fees.

103 S.Ct. 1933 (1983).

The Court notes that resolution of this case included an unsuccessful mediation, many depositions (which in some instances required travel), several discovery motions and *ex parte* applications, expert witness work, a successful motion for summary judgment by Plaintiff, briefing and argument before the Ninth Circuit, and a subsequent remand back to this Court for a full trial on the merits. Moreover, Entrepreneur achieved a high degree of success in this case. Specifically, the Court found that Defendant Smith intentionally infringed on Entrepreneur's trademark, and awarded Entrepreneur damages of $669,656.00 and a permanent injunction. (*See* Findings of Fact and Conclusions of Law entered June 24, 2003.) Accordingly, the Court finds that Plaintiff's request for attorneys' fees is reasonable. Plaintiff's request for related costs is also reasonable. *See Shakey's Incorporated v. Covalt*, 704 F.2d 426, 435-46 (9th Cir. 1983).

The Court hereby awards Plaintiff reasonable attorneys' fees in the amount of $680,895.00 and related costs in the amount of $39,267.46, for a total award of $720,162.46.

## V. Conclusion

The Court hereby **GRANTS** Plaintiff's Motion for an Order Setting Attorneys' Fees (docket no. 243), and awards Plaintiff attorneys' fees in the

1  amount of $680,895.00 and related costs in the amount of $39,267.46, for a total
2  award of $720,162.46.

3

4  IT IS SO ORDERED.

5

6  August 12, 2003.

*[signature: Florence-Marie Cooper]*

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

I hereby attest and certify on 4/29/2015 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY CLERK

1165

# PROOF OF SERVICE

SCOTT R. SMITH
5714 Folsom Blvd., Suite 140
Sacramento, CA 95819

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

NOTICE OF FILING:

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED COSTS

on the above-named persons by:

___XXX___ (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the persons served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 30, 2015 at San Francisco, California.

                                         /s/ David J. Cook
                                 DAVID J. COOK, ESQ. (SBN 060859)